UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.                                                ) | Cause No.  1:11-cr-00195-SEB-TAB |
| ) | |
| DAVID ANTHONY THORNTON     ) | |
| ) | |
| Defendant.        ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker on February 14, 2013, directing this magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on February 14, 2013, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  All proceedings were held on February 27, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 28, 2013, defendant David Thornton appeared in person with his appointed counsel, Joseph M. Cleary.  The government appeared by Gayle Helart, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Jason Phillips, who participated in the proceedings.

---

[1]   All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.\tThe court advised Mr. Thornton of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Thornton questions to ensure that he had the ability to understand the proceedings and his rights.

2.\tA copy of the Petition was provided to Mr. Thornton and his counsel, who informed the court they had reviewed the Petition and that Mr. Thornton understood the violations alleged. Mr. Thornton waived further reading of the Petition.

3.\tThe court advised Mr. Thornton of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Thornton was advised of the rights he would have at a preliminary hearing. Mr. Thornton stated that he wished to waive his right to a preliminary hearing.

4.\tMr. Thornton stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Thornton executed a written waiver of the preliminary hearing, which the court accepted.

5.\tThe court advised Mr. Thornton of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.\tMr. Thornton, by counsel, stipulated that he committed Violation Numbers 1 through 4 and 6 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

        As previously reported to the Court, the offender admitted smoking marijuana after failing to submit to urine testing on September 5 and 26, 2011. On October 24, 2012, he submitted a urine sample which tested positive for marijuana. He admitted using the substance.

        Additionally, on January 28, 2013, the offender submitted a urine sample which tested positive for marijuana.

| | |
|---|---|
| 4 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

        As previously reported to the Court, the offender failed to report for random drug testing on September 5, and 26, 2011, July 28, September 4, and November 28, 2012,. In addition, he provided dilute samples on September 28, 2011, February 6, and June 23, 2012. On October 23, 2012, the offender attempted to circumvent the drug testing process by substituting a urine sample which he had just removed from his refrigerator. He was confronted and admitted attempting to provide urine which was not his.

        Additionally, Mr. Thornton failed to report for random drug testing on October 30, 2012, and provided a dilute urine sample on November 7, 2012.

| | |
|---|---|
| 5 | **"The defendant shall not commit another federal, state, or local crime."** |

        As previously reported to the Court, on March 16, 2012, the offender was arrested for criminal recklessness, strangulation, domestic battery, and battery (49G16-1203-FD-015438).

        According to the police report, he and a woman who was pregnant with his child were arguing over whether she should have an abortion. Mr. Thornton allegedly choked her until she became unconscious.

6    **"The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of 4 months, to commence immediately, and shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the program as directed by the court or probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release: the defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court ordered obligations; or other activities as pre-approved by the probation officer."**

        On January 11, 2013, the offender reported to the probation office as instructed with his pay stubs for December 2012. The hours on his pay stubs were inconsistent with the number of hours he was permitted to leave for employment purposes. Mr. Thornton admitted leaving his residence without the approval of the probation officer on December 26, and 31, 2012, to go out with his friends, instead of going to work.

        On February 2, 2013, the offender was late coming home from his job. It was determined he went to the residence of a female acquaintance after leaving work and did not report home as required. An incident occurred att his residence between his girlfriend and the woman he was with. The offender said his tires were slashed and he had to find alternative transportation home.

7.    The court placed Mr. Thornton under oath and directly inquired of Mr. Thornton whether he admitted the violations of his supervised release as set forth above. Mr. Thornton admitted the above violations specified in numbers 1 through 4 and 6. The government dismissed specified violation number 5.

8.    Counsel for the parties and the USPO further stipulated to the following:

    a)    Mr. Thornton has a relevant criminal history category of V (U.S.S.G. § 7B1.4(a)).

      b)      The most serious grade of violation committed by Mr. Thornton constitutes a Grade B violation (U.S.S.G. § 7B1.1(b)).

      c)      According to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Thornton is 18-24 months.

      d)      The appropriate disposition of the case would be modification of Mr. Thornton's supervised release as follows: (a) Mr. Thornton will reside at the Community Corrections Center, Volunteers of America, for a period up to 180 days and shall comply with all the rules and regulations of the facility; (b) while residing at Volunteers of America, Mr. Thornton must participate in a drug treatment program as directed by the probation officer; (c) upon completion of his residence at Volunteers of America, Mr. Thornton will continue under the conditions previously imposed at sentencing, including his monitoring bracelet he will continue to wear for approximately 26 more days; and (d) Mr. Thornton's supervised release be extended an additional year to May 2014.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, DAVID THORNTON, violated the above-specified conditions 1 through 4 and 6 in the Petition and that the modifications to which the parties and the USPO have agreed are appropriate. The defendant's supervised release is therefore **MODIFIED** as follows: (a) Mr. Thornton will reside at the Community Corrections Center, Volunteers of America, for a period up to 180 days and shall comply with all the rules and regulations of the facility; (b) while residing at Volunteers of America, Mr. Thornton must participate in a drug treatment program as directed by the probation officer; (c) upon completion of his residence at Volunteers of America, Mr. Thornton will continue under the conditions previously imposed at sentencing, including his monitoring bracelet he will continue to wear for approximately 26 more days; and (d) Mr. Thornton's supervised release is extended an additional year to May 2014.

Counsel for the parties and Mr. Thornton stipulated in open court waiver of the following:

      1.      Notice of the filing of the Magistrate Judge's Report and Recommendation;

      2.      Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B).

Counsel for the parties and Mr. Thornton entered the above stipulations and waivers after being notified by the magistrate judge that the district court may refuse to accept the stipulations and waivers and conduct a revocation hearing and/or may reconsider the magistrate judge's Report and Recommendation, including making a *de novo* determination of any portion of it.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying the terms and conditions of DAVID THORNTON's Supervised Release.

IT IS SO RECOMMENDED.

Date: 03/05/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gayle Helart,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Joseph Cleary,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

United States Probation Office

United States Marshal